**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Denise DEGROAT, Defendant–Appellant.**

Nos. 02–1049, 02–2356.

United States Court of Appeals, Sixth Circuit.

June 24, 2004.

Rehearing En Banc Denied Aug. 27, 2004.

Kathleen Moro Nesi, Asst. U.S. Attorney, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Robert J. Dunn, Bay City, MI, for Defendant–Appellant.

Before: KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

## OPINION

GILMAN, Circuit Judge.

Denise DeGroat appeals from the district court's denial of her motion to vacate her sentence, filed pursuant to 28 U.S.C. § 2255. For the reasons set forth below, we AFFIRM the judgment of the district court.

## I. BACKGROUND

In 1997, a federal grand jury charged DeGroat—a Saginaw, Michigan police offi-

---

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

cer—with conspiring to distribute cocaine base (crack) and conspiring to possess crack with the intent to distribute, all in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. A number of DeGroat's coconspirators organized themselves into a Saginaw gang, known as the 4KP. The indictment alleged that the 4KP gang distributed crack in a particular area of Saginaw and that they maintained the exclusive "right" to distribute drugs in that area through violence and intimidation.

As a police officer, DeGroat was privy to information about law enforcement investigations into drug trafficking. When she learned of information germane to the 4KP gang's activities, she passed that information along to her coconspirators. DeGroat was subsequently indicted on two counts of obstruction of justice, in violation of 18 U.S.C. § 2232, for giving notice to certain of her coconspirators about a planned seizure of crack on August 28, 1996. The district court consolidated the two separate indictments for trial.

After a trial in January of 1998, the jury convicted DeGroat on one obstruction-of-justice charge and acquitted her on the second. The jury also convicted DeGroat on the conspiracy charge. For the conspiracy charge, the district court sentenced DeGroat to 192 months of incarceration. The district court also sentenced DeGroat to a 60-month concurrent term for her obstruction-of-justice conviction.

DeGroat filed a direct appeal of her convictions and sentence. This court reversed her conviction on the obstruction-of-justice charge because of a jury-instruction error and remanded for a new trial. *United States v. Beaver*, No. 97–2224, 2000 WL 491538 at *4 (6th Cir. April 20, 2000) (unpublished opinion). DeGroat's conviction and her sentence on the conspiracy charge, however, were affirmed. *Id.* at *4, *9. The government opted not to conduct a second trial on DeGroat's obstruction-of-justice charge. It therefore moved for dismissal of that count, which the district court granted.

DeGroat subsequently filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255, which the district court denied. The district court also denied DeGroat a certificate of appealability (COA). She appealed to this court, which granted her a COA on the following two issues: (1) whether her counsel rendered ineffective assistance by failing to object to the calculation that DeGroat was responsible for 9 ounces of crack; and (2) whether the 2–point enhancement in the conspiracy sentence for obstruction of justice is appropriate in light of DeGroat's 18 U.S.C. § 2232 conviction being vacated.

## II. ANALYSIS

### A. Standard of review

Under 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his or her sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack." To prevail on a § 2255 motion, a prisoner "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003) (quotation marks omitted). We review a district court's denial of a § 2255 motion de novo, while examining the findings of fact under a "clearly erroneous" standard. *Id.* "Ineffective assistance of counsel claims are mixed questions of law and fact" that we review under the de novo

standard of review. *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir.2003).

## B. Ineffective-assistance-of-counsel claim

DeGroat argues that her trial counsel afforded ineffective assistance by failing to object to the drug quantity that was used by the district court in sentencing her. The Presentence Report explained that DeGroat was being held responsible for 9 ounces of crack cocaine. This was the amount of crack possessed by one of DeGroat's coconspirators when DeGroat alerted him and other coconspirators to the fact that the house where they were staying was under surveillance by the Saginaw Police Department.

In her direct appeal to this court, DeGroat claimed that the district court had improperly calculated the drug amount attributable to her. *Beaver*, 97–2224, 2000 WL 491538 at *9. This court lumped together all of the defendants who appealed their sentences and explained that "[d]efendants' main argument in support of their contention that the district court erred in calculating their drug amount is that the evidence upon which the trial judge based his findings was not credible." *Id.* at *9. Rejecting DeGroat's argument, this court concluded that the district court's findings with regard to drug quantity were not clearly erroneous. *Id.*

■ DeGroat may not use her § 2255 motion "to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir.1999). On direct appeal, this court considered the drug quantity attributable to DeGroat and determined that the district court was not clearly erroneous in holding her responsible for 9 ounces of crack. *Beaver*, 97–2224, 2000 WL 491538

at *9. DeGroat does not argue that highly exceptional circumstances exist or that there has been an intervening change in the law.

To prevail on her ineffective-assistance-of-counsel claim. DeGroat must establish that (1) her "counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir.2003). "The objective standard of reasonableness is a highly deferential one and includes a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir.2003) (quotation marks omitted). A "reasonable probability" has been defined by the Supreme Court as "a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When deciding ineffective-assistance claims, courts need not address both components of the inquiry "if the defendant makes an insufficient showing on one." *Id.* at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so. that course should be followed." *Id.*

■ Because this court has previously concluded that the district court's calculation of the drug quantity attributable to DeGroat was not clearly erroneous, DeGroat cannot show that she was prejudiced by her counsel's failure to object to the quantity. DeGroat must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" in order for her to succeed on her ineffective-assistance-of-counsel claim. *Id.* Even though DeGroat's

trial counsel did not object to the drug quantity at trial, the quantity determination was considered and deemed appropriate by this court on direct appeal. This prevents DeGroat from showing a reasonable probability that, had her trial counsel objected to the 9 ounces attributed to DeGroat, the outcome at her sentencing would have been different. We therefore affirm the district court's denial of relief to DeGroat on this claim.

## C. Resentencing after the dismissal of the obstruction-of-justice conviction

■ As noted above, DeGroat was convicted of obstruction of justice, in violation of 18 U.S.C. § 2232, and of conspiracy to possess crack with the intent to distribute, in violation of 21 U.S.C. § 846. The district court, in sentencing DeGroat. was required under the United States Sentencing Guidelines to add 2 levels to her base offense level because she had been convicted of obstruction of justice. U.S. Sentencing Guidelines Manual § 3C1.1 (1998) (providing that if a defendant obstructs justice during the course of an investigation and the obstructive conduct relates to "the defendant's offense of conviction," the sentencing court must increase the offense level by 2 levels). The district court thus increased DeGroat's base offense level from 34—for her drug conspiracy conviction under 21 U.S.C. § 841(a)(1)—to 36.

On direct appeal, this court vacated DeGroat's obstruction-of-justice conviction, concluding that the district court had instructed the jury erroneously on this count. *Beaver,* No. 97–2224, 2000 WL 491538 at *4. This court explained that

> [t]he trial court's erroneous instruction allowed the jury to find defendant guilty of violating this statute if they found that she had prevented the sale of drugs. Because this is not a permissible basis upon which to convict the defen-

dant of interfering with a search or seizure we reverse the conviction on this count of the indictment. We, however, do not believe that the defendant is entitled to the entry of a judgment of acquittal on this count because we cannot say that the evidence presented at trial would not support a conviction. For this reason, we remand this count to the district court for a new trial.

*Id.* Rather than retry DeGroat on the obstruction-of-justice charge, the Government moved to dismiss that count. The district court granted the motion.

DeGroat now argues that she should be resentenced because, given that this court vacated her obstruction-of-justice conviction, the 2–point sentencing enhancement for that conviction is no longer mandatory. Responding to DeGroat's § 2255 motion, the government conceded that resentencing would be appropriate. It added, however, that the district court could make a discretionary finding that DeGroat obstructed justice "when she warned Alfreda Brewer, one of her codefendants. that the person to whom Brewer was about to sell drugs was a police officer."

The district court agreed with the government's argument. In denying DeGroat's § 2255 motion on the 2–point enhancement issue, the district court found that the evidence at trial showed that DeGroat alerted Alfreda Brewer to the fact that the person to whom she was about to sell drugs was a police officer. The district court noted that warning a coconspirator of a police investigation is conduct that falls within the scope of Sentencing Guidelines § 3C1.1. Although the enhancement was no longer mandatory, the district court concluded that "the enhancement was still authorized and well supported by the evidence."

DeGroat reiterates the argument from her § 2255 motion that her sentence

should be reduced because this court vacated the obstruction-of-justice conviction on direct appeal. She argues that the district court's finding that she warned her coconspirator Alfreda Brewer of a narcotics investigation was clearly erroneous for two reasons: (1) DeGroat might have been warning her coconspirator "for innocent reasons." and (2) the statement that DeGroat made to Brewer "not only did not hinder the police's investigation but actually provided the very evidence they needed in order to charge Appellant in this case."

"A finding of fact will only be clearly erroneous when, although there may be some evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.... Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Regalado v. United States,* 334 F.3d 520, 524 (6th Cir.2003) (citations and quotation marks omitted). In light of this court's pronouncement that "we cannot say that the evidence presented at trial would not support a conviction" on the obstruction-of-justice count, *Beaver,* No. 97–2224, 2000 WL 491538 at *4, the conclusion of the district court that DeGroat obstructed justice by alerting her coconspirator to the presence of an undercover police officer was not clearly erroneous. We therefore conclude that the district court acted appropriately in determining that the 2–point enhancement "was still authorized and well supported by the evidence." *See United States v. Comer,* 93 F.3d 1271, 1284 (6th Cir.1996) ("A district court may consider acquitted conduct in determining a defendant's offense level under the Sentencing Guidelines if the government has proven by a preponderance of the evidence that relevant, acquitted conduct occurred.").

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.